## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JESTICA WONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO._____ |
| ) | |
| SHEPHERD SPINAL CENTER INC. ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Jessica Wong ("Plaintiff" or "Ms. Wong") submits the following Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended, and under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (the "FMLA") against Defendant Shepherd Spinal Center ("Shepherd").

## JURISDICTION AND VENUE

1. This action is for ADA discrimination and retaliation as well as FMLA interference and retaliation. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages and attorney's fees and costs.

1.

2. This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a former employee of Shepherd.

5. Shepherd is a domestic for-profit corporation registered to conduct business in the state of Georgia.

6. Shepherd may be served through its registered agent:

| | |
|---|---|
| Registered Agent Name: | **SARAH MORRISON** |
| Physical Address: | **2020 PEACHTREE RD NW, ATLANTA, GA, 30309-1426, USA** |
| County: | **Fulton** |

if service of process is not waived.

7. This Court has personal jurisdiction over Defendant.

## JURISDICTION AND VENUE

8. Ms. Wong's ADA and FMLA claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 *et seq.* and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

9. This Court is an appropriate venue for all of Ms. Wong's claims under 28 U.S.C. § 1391(b) and (c) because all the parties reside within the Northern District of Georgia, and many events giving rise to Ms. Wong's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

10. On November 20, 2020, Ms. Wong timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Century. Attached hereto and incorporated herein is **Exhibit A**.

11. On March 18, 2022, the EEOC issued Ms. Wong her notice of right to sue. Attached hereto and incorporated herein is **Exhibit B**.

12. Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit pursuant to the ADA.

13. Suit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## STATEMENT OF FACTS

14. Shepherd is a large private, not-for-profit hospital specializing in medical treatment, research and rehabilitation for people with spinal cord injury, brain injury, multiple sclerosis, spine and chronic pain, and other neuromuscular conditions.

15. During all time relevant to this lawsuit, the Defendant employed more than one thousand (1,000) employees for each working day during each of twenty (20) or more calendar weeks during Ms. Wong's employment

16. Defendant is an entity covered by the ADA.

17. At the time of her leave, Wong was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.* in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

18. Shepherd is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.* and the ADA, 42 U.S.C. § 12101 *et seq.*, as amended.

19. Shepherd had more than 50 employees within a 75-mile radius of the location in which Ms. Wong was employed in each of 20 or more consecutive calendar weeks in 2020 and 2019.

20. Plaintiff began working for Shepherd's in March of 2014.

21. Plaintiff was a respiratory therapist for Shepherds.

22. Plaintiff was a good employee receiving high marks for her performance and she was in no danger of termination before the onset of the novel Coronavirus Pandemic in March 2020.

23. Plaintiff suffers from a severe heat allergy (hereinafter her "Disability").

24. Plaintiff's Disability constitutes a chronic condition disability as defined by the ADA.

25. Further, Defendant perceived Plaintiff as having a disability.

26. Plaintiff's Disability also constitutes a serious health condition as defined by the FMLA.

27. Shephard's was aware of Plaintiff's Disability.

28. Throughout the course of her employment, Plaintiff missed some time due to her Disability, but she never required a formal disability accommodation, until the onset of the coronavirus pandemic.

29. Specifically, Plaintiff could wear personal protective equipment "PPE", including a mask, when treating a patient, but she was not required to wear a mask in common areas of the hospital, or for prolonged periods of time and thus she did not need an ADA accommodation prior to the coronavirus pandemic.

30. However, when the coronavirus pandemic began, Shepard's implemented a masking requirement throughout the facility. Specifically, employees were required to always wear masks.

31. Wearing a mask for an extended period can be life threatening to Plaintiff due to her Disability.

32. Plaintiff began talking with her supervisors to discuss her condition and to seek a disability accommodation that would both protect Plaintiff and her patients.

33. On or about March 20, 2020 Plaintiff was told that she needed to go out on FMLA leave if she could not wear a mask at all times in the hospital.

34. During her leave, Plaintiff repeatedly provided Defendant paperwork from her doctors regarding her need for a disability accommodation.

35. Further, during her leave Plaintiff repeatedly provided Defendant with mask options and/or a helmet option that would have protected her health and the health of the patients she cared for.

36. However, Carol King, the director of Human Resources for Shepherd ("King"), decided that the helmet that Plaintiff was proposing to wear would scare the patients and would not be allowed, nor would any of the other accommodations requested by Plaintiff be allowed.

37. On September 25, 2020 King told Plaintiff, "*We need to come to a resolution shortly. You have exhausted your protected leave and you will need to be able to return to work with or without a reasonable accommodation or your employment will be terminated.*"  See **Exhibit C**

38. On October 1, 2020, King told Plaintiff that, "*the face shield you proposed is one that is used for hazardous situations. We have a patient population that would not react well to a clinician coming into the room with such gear. If you are unable to utilize one of the masks you were provided along with a standard face shield, when indicated, you would not be able to return to work.*"  See **Exhibit D**.

39. Plaintiff asked that since her alternative accommodations were both safe for her and her patients that she be allowed to try them out and see how patients reacted, but Shepard refused even to allow Plaintiff to try any of her accommodations. Instead, Shepard's assumed a negative outcome and refused to engage in the deliberative process required by the ADA.

40. As a further alternative accommodation, Plaintiff asked that she be allowed to work light duty.

41. Shephard has provided light duty in similar circumstances in the past.

42. Defendant also denied this accommodation.

43. On or about October 9th, 2020 Plaintiff's employment was terminated by Defendant.

44. Defendant's refusal to allow Plaintiff to use any of the ADA accommodations she requested that would keep both her and her patients safe was unreasonable and violates the ADA.

45. Plaintiff was discharged by Shepard in violation of the ADA and in violation for the FMLA.

## COUNT I

## VIOLATION OF ADA

46. Plaintiff incorporates by refence each and every preceding paragraph of this Complaint.

47. Plaintiff has a disability as defined by the ADA.

48. As detailed above, Plaintiff notified Defendant of her disability and her need for an accommodation.

49. Defendant refused Plaintiff's accommodation suggestion and refused to engage in the deliberative process to come up with a reasonable accommodation.

50. Defendant's actions violated the ADA.

51. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages, including but not limited to loss pay, job benefits, emotional distress, and all other damages allowed by law.

## COUNT II

## RETALIATION

52. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

53. Plaintiff engaged in protected activity under the ADA.

54. In response, Defendant retaliated against Plaintiff.

55. Specifically, Plaintiff was retaliated against (1) when her reasonable accommodations were denied, (2) when she was treated differently than her co-workers seeking light duty, and (3) when she was terminated.

56. Defendant's actions constitute unlawful retaliation in violation of the ADA, as amended.

57. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

58. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT III

### RETALIATION FOR EXERCISE OF FMLA RIGHTS

59. Wong incorporates by reference the preceding Paragraphs as if fully restated herein.

60. Wong was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations.

61. At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2019-2020, and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

62. Plaintiff timely notified Defendant of her serious medical condition.

63. Plaintiff used FMLA leave.

64. As a result of Plaintiff's use of FMLA, Defendant retaliated against her.

65. Specifically, Plaintiff was retaliated against (1) when her reasonable accommodations were denied, (2) when she was treated differently than her co-workers seeking light duty, and (3) when she was terminated.

66. Defendant's actions in retaliating against Wong for exercising her rights under the FMLA were committed with reckless disregard for Wong's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

67. The effect of Defendant's actions has been to deprive Wong of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

68.     As a result, Wong is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

69.     Wong is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)     a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the ADA and the FMLA, as amended;

(b)     an injunction prohibiting Defendants from engaging in unlawful employment practices in violation of the ADA and/or the FMLA;

(c)     full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)     front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)     liquidated damages and compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its conduct toward Plaintiff and deter it from similar conduct in the future;

(g) reasonable attorney's fees and costs; and

(h) nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of June 2022.

/s/ *J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorneys for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039